Gaertner vs. Bues.

———

GAERTNER, Respondent, vs. BUES, Appellant.

*January 8 — February 26, 1901.*

(1) *Appeal: Bill of exceptions: Instructions to jury.* (2-6) *Landlord and tenant: Invalid writ of restitution: Duty of officer: Unnecessary injury: Removal of goods to warehouse: Constructive redelivery: Punitory damages: Malicious acts of officer: Ratification.*

1. The supreme court on appeal will not review alleged errors in the charge to the jury unless the entire charge is incorporated into a bill of exceptions and made a part of the record or referred to in

Gaertner vs. Bües.

such manner that it may be fully identified. Detached portions preserved in exceptions will not be considered.

2. Where a writ of restitution, valid on its face, is delivered to a constable, it becomes his duty to execute it without inquiry as to whether it will result in inconvenience or loss to the parties, and if he executes it without knowledge of its invalidity it affords him complete protection.

3. In the execution of a writ of restitution an officer is bound to use ordinary care and not do unnecessary injury to the property of the evicted tenant, and if he fails in that respect, both he and his principal are liable therefor.

4. If the evicted tenant fails to take the goods as they are removed, the officer may put them in a storage warehouse, and, if he exercises reasonable care in the selection of the warehouse and in the removal of the goods thereto, his full duty has been performed.

5. After removal of the goods to the warehouse in such a case a delivery to the evicted tenant of the warehouse receipt therefor is equivalent to a delivery of the goods to him, and his acceptance thereof restores him to full dominion over them, so that any loss or depreciation in value occurring thereafter cannot be recovered as an element of damages in an action against the landlord for the wrongful removal.

6. Punitory damages for the wanton and malicious acts of the officer who executed an invalid writ of restitution, whereby injury was caused to the evicted tenant or his goods, are not recoverable against the landlord unless he is shown to have authorized or ratified such acts.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

The defendant owned a building in the city of Milwaukee which was occupied by plaintiff as his tenant, and used as a boarding house. He commenced proceedings for unlawful detainer, and secured a writ of restitution. This writ was put in the hands of an officer, and was executed by the removal of plaintiff's household goods from the house. At that time plaintiff was sick and unable to care for the goods, so the officer removed them to a storage warehouse, and took a receipt therefor, which was delivered to plaintiff. It is conceded that defendant's proceedings to regain possession

were void and afforded no justification for his acts. The plaintiff brought this action, claiming damages for unnecessary injury to her household goods during the removal, depreciation during storage, and for personal injuries to herself. The defendant answered largely by way of denial.

A special verdict was rendered to the effect that defendant's agent caused unnecessary injury to the goods during removal; that such damage was $141.68; that the defendant ratified the removal of the goods to the storage warehouse and their detention there; that their depreciation while there was $1,005.66; that the constable and his assistants were guilty of such carelessness and negligence in removing said goods that plaintiff suffered personal injury; that her damages therefor were six cents; that the constable and his assistants acted in a wanton and malicious manner in removing said goods, causing injury to plaintiff; that the damages by reason thereof were $1,000. A motion for a new trial was made and denied. The judgment was entered for plaintiff for said several sums and costs. The defendant brings this appeal.

For the appellant there were briefs by *Ernest Bruncken*, attorney, and *Max W. Nohl*, of counsel, and oral argument by *Mr. Bruncken*.

*Adolph Huebschmann*, attorney, and *Fred S. Hunt*, of counsel, for the respondent.

BARDEEN, J. The respondent directs our attention to the fact that the judge's charge is not contained in the bill of exceptions. This is important, as many of the assignments of error are based upon alleged mistakes of law contained therein. Turning to the bill we find the only reference to the charge to be in the following words: "The judge having thereupon given the charge to the jury, which charge is a part of the record herein, defendant excepted to a portion of said charge in manner and form as follows." Then fol-

low the several portions excepted to. In *Graves v. State*, 12 Wis. 591, the rule was announced that, if the record did not purport to contain all the charge, the court would presume that the trial court did its full duty and explained the law correctly to the jury in the omitted portions. *Brabbits v. C. & N. W. R. Co.* 38 Wis. 298. In *Killips v. Putnam Ins. Co.* 28 Wis. 472, it was said that, in the absence of any instructions to the jury, the same force and effect is to be given to the verdict as would be given to it had the court instructed them, and instructed them correctly, on the law applicable to all questions of fact involved in the issue. In *Grottkau v. State*, 70 Wis. 462, no part of the charge was in the record, and it was said that the court was bound to presume that the directions therein were most favorable to support the verdict. Note, also, Bryant, Code Pr. 640.

If it is desired that this court shall review the judge's charge, the necessity of putting it in the bill of exceptions and making it a part of the record, or referring to it in such a manner as that it may be fully identified, is too manifest to require discussion. Detached portions preserved in exceptions are wholly inadequate. It often requires an inspection of the entire charge to determine whether a detached section is or is not erroneous. The better practice in such cases is to include the entire charge in the bill of exceptions, and then put it in the case, with the excepted portions either in brackets or italicised, so that the court, at a glance, can see the criticised portions in connection with their surroundings.

The respondent also insists that we cannot review the evidence because the bill of exceptions is not certified to contain all the evidence given on the trial. The certificate is substantially, in form, in accordance with the requirements of sec. 2873, Stats. 1898, and must be held sufficient. We are therefore at liberty to consider such rulings of the trial court as are not dependent upon alleged errors in the charge.

Gaertner vs. Bues.

It will be observed that the purpose of this action is to recover damages claimed to have been sustained to the plaintiff's household goods by reason of their unlawful removal from the premises she had leased from the defendant. The defendant instituted proceedings, under the statute, for unlawful detainer. Judgment was rendered in his favor, and a writ of restitution, valid on its face, was delivered to the constable. It was issued by a tribunal having jurisdiction of such matters. So far as this case shows, neither the defendant nor the officer had any knowledge that complete jurisdiction of the case had not been obtained by the magistrate who issued the writt. This writ was a complete protection to the officer, and it became his duty to execute it without inquiry as to whether it would result in inconvenience or loss to the parties. *State ex rel. Chappell v. Giles*, 10 Wis. 101. In the exercise of his duties, however, he was bound to use ordinary care, and not do unnecessary injury to the tenant's property. If he failed in that respect, he was liable, as was his principal, for such injury.

The query arises as to his duties in the premises regarding the disposition and storage of the goods after removal. It must be conceded that, under the commands of the writ, it was his duty to remove the tenant and her belongings from the building, so as to give the owner complete dominion over it and to restore him to possession. In the performance of those duties, if the tenant failed to take the goods as they were removed, it was his duty, at most, to use ordinary care for their protection; that is to say, he could not put them in the street so as to blockade or obstruct it. He could not place them upon another's property without permission, and thereby become a trespasser. He might do as was done in this case,— obtain permission to put them in a storage warehouse. If he exercised reasonable care in the selection of a place to store them, and in the removal thereto, his full duty was performed. When, after the removal, he

delivered to the tenant the warehouse receipt, this was equiv-
alent to a delivery of the goods to her, and her acceptance
of it restored her to full dominion over them. From that
time on the goods were at her risk. She might have refused
to receive the receipt, and have held the principal for their
value, if the proceeding was unlawful. She did not do so.
She accepted and retained the warehouse receipt, and finally
reclaimed the goods thereunder. Admitting that the pro-
ceeding was unlawful, it is difficult to see how the defend-
ant can be held liable for damage to the goods occurring in
the warehouse, after all dominion over them by the officer
and defendant had ceased, and the plaintiff had the legal
custody thereof. That she was poor and sick was her mis-
fortune. Such circumstances have no bearing upon the legal
rights of the parties. Much stress is laid in respondent's
brief upon the fact that plaintiff was sick when the officer
came to serve the writ. It may have been unkind, indeed,
to have enforced it at that time, but that fact is of no legal
significance. The defendant supposed that he was proceed-
ing according to forms of law. The officer had no discretion
to exercise. He was bound by the positive commands of
his writ, and was not at liberty to wait for plaintiff's recov-
ery, or omit to serve it because, in his opinion or the opinion
of some one else, its execution would be prejudicial to the
comfort or convenience of the plaintiff. Murfree, Sheriffs,
§ 1025. In this action, so far as a recovery is sought
for the injury to her goods, it must be limited to such as
resulted thereto directly and proximately from the wrong-
ful acts complained of. Remote damages, or such as ac-
crued after possession had been restored to plaintiff, are not
recoverable. The allowance of a large sum for damages for
depreciation while the goods were stored in the warehouse,
while plaintiff had dominion over them, was erroneous.

The jury found that the constable and his assistants acted
in a wanton and malicious manner, " thereby causing injury

to the plaintiff or her goods," and assessed her damages at the sum of $1,000. This sum was included in the judgment as a part of her recovery. There is no finding that such acts were authorized or ratified by the defendant. Without this, there can be no recovery as and for punitory damages. Such damages are given only by way of punishing the malice or oppression, and are usually graduated by the intent of the party committing the wrong. When the action is against the principal for the act of an agent, the question of their assessment cannot properly be submitted to the jury, unless there is evidence connecting the principal with such intent on the part of the agent. *Milwaukee & M. R. Co. v. Finney*, 10 Wis. 388; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Patry v. C., St. P., M. & O. R. Co.* 77 Wis. 218; *Mace v. Reed*, 89 Wis. 440; *Bryan v. Adler*, 97 Wis. 124. The special verdict is therefore insufficient to support a judgment for punitory damages.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the case is remanded for a new trial.