## GUYER v. GUYER et al.
### No. 5170.

Court of Civil Appeals of Texas. Amarillo.
June 10, 1940.

Rehearing Denied July 1, 1940.

J. Shirley Cook and L. P. Bonner, both of Vernon, for appellant.

C. P. Engelking, of Electra, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, Emma B. Guyer, widow of Jesse C. Guyer, deceased, in cause No. 6926 of the District Court of Wilbarger County, Texas. Jesse C. Guyer was the son of John H. Guyer, also deceased. By her amended original petition filed on February 11, 1939, in lieu of her original petition filed on October 5, 1938, the appellant sued Walter E. Guyer, who is also a son of John H. Guyer, and all the other living heirs at law of John H. Guyer, together with E. B. Prince and E. P. Williams, the latter being sheriff of Wilbarger County, and other parties not necessary to mention.

The appellant sought to set aside and have declared void two judgments theretofore rendered in the same court in causes Nos. 5313 and 5980. Cause No. 5313 was a foreclosure suit and 5980 was, among other things, a trespass to try title action. She further sought to cancel and have declared void a sale of subdivision No. 122 of the Waggoner Colony Lands in Wilbarger County, Texas, under an order of sale issued in cause No. 5313. The burden of her complaint in respect to cause 5313 was that the foreclosure judgment and sale thereunder was void because the asserted lien was not for purchase money and the land was the homestead of appellant and her deceased husband at the time of the foreclosure. She asserted the same homestead rights as a reason for the invalidity of the judgment in 5980. The appellant also sought damages for the alleged conversion of her household furniture by the sheriff of Wilbarger County in connection with his execution of a writ of possession in cause No. 5980.

In the instant action Walter E. Guyer and the other living heirs of John H. Guyer adopted the allegations of the appellant and joined her in her attempt to set aside the former judgments and the sale of the land. The appellee, E. B. Prince, among other things, interposed the judgments in causes 5313 and 5980 as res adjudicata to the claims now asserted with reference to the land. After a trial before the court without a jury the court sustained appellee Prince's plea of res adjudicata and decreed the judgments in causes 5313 and 5980 valid and binding judgments. The court further decreed that the writ of possession issued in cause 5980 was a valid writ to dispossess the appellant, that the sheriff was by law required to execute the same and that the personal property alleged by the appellant to have been converted was not so converted but was stored in the Sid. Parker warehouse at Vernon, Wilbarger County, Texas, subject to appellant's orders. The court further denied all other pleas for affirmative relief asked for by all the parties to the suit. It is from this judgment that this appeal is brought to this court.

From the final judgment rendered in cause No. 5313 there was no appeal on writ of error. Cause 5980 reached this court by writ of error and our opinion affirming the judgment may be found in Guyer et ux. v. Prince et al., 106 S.W.2d 1091. We refer to this opinion for such basic facts as we deem unnecessary to repeat here. The proceedings in both causes 5313 and 5980, except the testimony in such causes, were introduced in evidence in the trial of the instant case and are before us in this appeal. Such proceedings include the findings of fact and

conclusions of law by the trial court in the respective suits.

From the records in the three cases tried between the parties, and more particularly from the findings of fact filed in the instant case, we ascertain the factual background for all this litigation began on January 25, 1916. At such time John H. Guyer owned subdivisions 115, 116, 121 and 122 of Waggoner Colony Lands in Wilbarger County, Texas. On such date he executed a note in favor of Mrs. Winifred Stowell for $7,000 and, to secure the same, executed a deed of trust upon the four subdivisions of land. On August 16, 1916, John H. Guyer and wife, Elizabeth Guyer, conveyed to their son, Jesse C. Guyer, subdivisions 121 and 122, in which conveyance, as a part of the consideration, Jesse C. Guyer assumed the payment of one-half of the $7,000 Stowell note and also executed his own note for $7,700 in favor of his father. A vendor's lien was retained upon the land to secure the payment of this unpaid purchase price indebtedness. Thereafter, on May 2, 1921, Jesse C. Guyer and wife, Emma B. Guyer (the appellant herein), secured a loan from Gum Brothers Company and executed two deeds of trust to Lester B. Gum, trustee for Gum Brothers Company, upon subdivisions 121 and 122, securing three notes payable to such company, the first for $7,000, and the other two for $875 each. The $7,000 note was executed in lieu of one-half of the $7,000 Stowell note assumed by Jesse C. Guyer and for $3,500 of the $7,700 note executed by Jesse C. Guyer and payable to John H. Guyer as part of the purchase price for the land. The two $875 notes were for interest on the indebtedness and for commissions on the loan made by Gum Brothers Company. On June 6, 1921, John H. Guyer transferred $3,500 of the $7,700 indebtedness, with the lien, to Gum Brothers Company. On June 14, 1921, Mrs. Winifred Stowell transferred and assigned to Gum Brothers Company the $7,000 note executed by John H. Guyer together with the lien upon the land. On December 1, 1922, Jesse C. Guyer and wife executed a deed of trust upon subdivisions 121 and 122 to J. A. Wise, trustee for the First National Bank of Electra, Texas, to secure their note to said bank in the sum of $2,826.19. On February 1, 1923, Jesse C. Guyer and wife were delinquent in the payment of their share of the $7,000 note then held by Gum Brothers Company as well as upon the balance due by them upon the $7,700 note. Thereupon, to avoid foreclosure, John H. Guyer agreed to, and did, transfer the balance of the $7,700 vendor's lien note and lien held by him to Edward Schlaffke, trustee for the First National Bank of Electra. On the same date Jesse C. Guyer and wife executed to such trustee, for the benefit of the bank, their deed of trust upon subdivisions 121 and 122 to secure the indebtedness transferred to the bank and to better secure the bank for other indebtedness held by it against Jesse C. Guyer and wife as well as to secure all future loans to be made to them by the bank. On February 16, 1923, Jesse C. Guyer and wife, intending to renew the balance of the $7,700 note and not knowing that John H. Guyer had transferred the indebtedness thereby represented to the trustee for the benefit of the bank, executed and delivered to C. H. Jones, trustee for John H. Guyer, their renewal note for $7,448.20 and a deed of trust upon the two subdivisions of land to secure such note. At such time there was $2,630.70 principal due by Jesse C. Guyer and wife as purchase price indebtedness upon the land, the balance of the $7,448.20 note being for other indebtedness held against them by the bank. Thereafter the First National Bank of Electra loaned to Jesse C. Guyer the sum of $1,472.36 which was paid upon the original purchase price indebtedness on the land, said indebtedness held by Gum Brothers Company, and at various times loaned to Jesse C. Guyer money which was used in the payment of interest due Gum Brothers Company upon such indebtedness. On January 20, 1927, for such sums and other sums so advanced by the bank, Jesse C. Guyer and wife owed the bank the sum of $9,424.30 for which they executed a new note in such amount and a deed of trust to secure the same upon subdivisions 121 and 122. On February 23, 1929, an arrangement was made between the parties then interested whereby Jesse C. Guyer sold subdivision 121 and from the proceeds of such sale the $9,424.30 indebtedness due the bank was reduced to $8,424.44, and other debts of Jesse C. Guyer and wife were paid. On December 20, 1930, the First National Bank of Electra and the First State Bank of Electra were consolidated and all of the as-

sets of the former bank were assigned to the latter. On August 20, 1931, the First State Bank of Electra failed, and on September 19, 1931, its assets were assigned to the appellee E. B. Prince, who thereby became the owner of the indebtedness theretofore held by both banks against Jesse C. Guyer and wife.

On July 7, 1931, just prior to the failure of the First State Bank of Electra, Edward Schlaffke, purporting to act as trustee for such bank, sold subdivision 122 at a deed of trust sale. At such sale this land was purchased by the First State Bank for a recited consideration of $4,-000. Thereafter cause No. 5313 was filed by Walter E. Guyer and all the other heirs of John H. Guyer except Jesse C. Guyer. John H. Guyer had theretofore on December 6, 1929, died intestate in Linn County, Missouri. The defendants in such suit were Jesse C. Guyer and wife, Emma B. Guyer, and E. B. Prince. The plaintiffs in such suit, as heirs of John H. Guyer, sought recovery for the unpaid balance of the purchase money alleged to have been due them upon subdivision 122, in connection with the $7,-700 note, and for a foreclosure of their lien on the land. They further sought judgment setting aside the trustee's sale of the land of the date of July 7, 1931. E. B. Prince answered setting up the various transfers, extensions and renewals of the debt and lien which debt he had obtained through the banks, asked that his title to the land be quieted and, in the alternative, prayed for judgment for the debt due him and for foreclosure of his lien upon subdivision 122. Jesse C. Guyer and wife answered in such suit pleading payment of the indebtedness, and alleged that subdivision 122 comprised their homestead and that under the Homestead Laws of Texas the loan asserted by the plaintiffs was void since it did not represent purchase money for the payment of the land. They further asserted that all of the unpaid indebtedness due upon the $7,700 note had been transferred by John H. Guyer during his lifetime to the First National Bank of Electra. They further alleged that when such bank received the original purchase price note and lien securing the same, such indebtedness represented the only original purchase price money against the land and prayed that the plaintiffs recover nothing as against them.

On March 25, 1933, judgment was rendered in cause 5313 setting aside the deed of trust sale of July 7, 1931, and, in so far as this appeal is concerned, adjudged that the Guyer heirs, plaintiffs therein, had a first lien on subdivision 122 to secure the sum of $6,399.94, representing unpaid purchase money with interest thereon, but further decreed that the note sued upon by the plaintiffs was in renewal of the original which had been transferred by John H. Guyer to the First National Bank of Electra and that E. B. Prince as assignee of such bank was subrogated to the rights of the plaintiffs therein. The lien was foreclosed in favor of E. B. Prince and the clerk directed, after the sale of other land not the subject of this controversy, to issue an order of sale directed to the sheriff or any constable of Wilbarger County commanding him to sell said subdivision 122 and apply the proceeds to the payment of $6,399.94 due E. B. Prince and the remainder, if any, to be paid to Jesse C. Guyer and Emma B. Guyer. As above stated, the judgment in cause 5313 became final, there being no appeal or writ of error prosecuted therefrom. Order of sale was issued in cause No. 5313, levy on the land duly made, and on March 6, 1934, the land sold thereunder to E. B. Prince for $2,000, and a sheriff's deed was duly executed and recorded conveying the land to E. B. Prince.

Thereafter, in 1934 Jesse C. Guyer and wife, Emma B. Guyer, filed suit in cause 5980 styled Jesse C. Guyer et ux. v. E. B. Prince et al. E. B. Prince, the heirs of John H. Guyer other than Jesse C. Guyer, and J. D. Linton, then sheriff of Wilbarger County, were made party defendants. In such suit the plaintiffs therein first pleaded a cause of action in trespass to try title to subdivision 122, alleged that such property constituted their homestead, and further asserted that during the trial in cause 5313 an agreement was made between Jesse C. Guyer and wife, through their attorney, and E. B. Prince, through his attorney, that as defendants in cause 5313 they would make a common fight against the plaintiffs therein; that it was agreed that they would establish for E. B. Prince a first lien upon subdivision 122, have the same foreclosed, the land sold, bought in by Prince, and that thereafter he would reconvey the land to Jesse C. Guyer and wife for a consideration not exceeding $2,500; that they had demanded

performance of such agreement and possession of such premises but that Prince had refused to carry out such agreement and was threatening to dispossess them by a writ of possession in the hands of Sheriff Linton; and prayed for a writ of injunction against Prince and the sheriff restraining them from dispossessing Jesse C. Guyer and wife and for judgment for title and possession of the land.

The defendants in said suit answered, first asserting a misjoinder of parties defendant in that the Guyer heirs were sued but no interest in the land was alleged to have been claimed or asserted by them. The defendants therein further pleaded the general issue, a plea of not guilty, and asserted the alleged contract was in violation of law, against public policy, against the statute of frauds and without consideration. By way of cross-action Prince asserted his title to the property and asked that the plaintiffs therein be dispossessed of the land and premises. Judgment was rendered dismissing the Guyer heirs as defendants for want of interest shown in them, and decreeing that the plaintiffs, Jesse C. Guyer and Emma B. Guyer, take nothing by their suit and that E. B. Prince recover from Jesse C. Guyer and wife, Emma B. Guyer, the title and possession of subdivision 122 and that a writ of restitution issue ordering the sheriff of Wilbarger County, or other officer executing the writ, to place E. B. Prince in possession of the land and premises. As above stated this court affirmed such judgment in cause No. 5982.

On January 10, 1938, after the judgment in cause 5980 had become final, the clerk of the District Court of Wilbarger County, in obedience to the command of the judgment therein, issued a writ of possession whereby E. P. Williams, then sheriff of Wilbarger County, placed E. B. Prince in possession of the premises, and removed therefrom the personal property belonging to Emma B. Guyer and placed the same in storage with Sid Parker at Vernon, Texas, subject to the orders of Emma B. Guyer.

The above facts afforded the background for the present litigation seeking to set aside the judgments in causes 5313 and 5980, asking cancellation of the sale of the land under the judgment in 5313 and for damages for the alleged conversion of the personal property removed from the premises under the writ of possession in 5980.

On the issue seeking to avoid the two former judgments by reason of the homestead claims of the appellant we again call attention to the fact that in cause 5313 the appellant and her deceased husband urged such homestead right as a defense to the foreclosure therein asserted by the Guyer heirs through whose renewed deed of trust E. B. Prince recovered judgment for foreclosure. They further asserted payment of the purchase price debt declared upon by such heirs and alleged that the First National Bank of Electra had received, through its transfer of the original purchase price note and lien, the only original purchase price indebtedness due upon the property. Upon sufficient pleadings and findings of fact the court in that cause rendered judgment contrary to the homestead claims of the appellant and her deceased husband. In cause 5980 the appellant and her deceased husband, in spite of the foreclosure in cause 5313, sought judgment for title and possession of the land in their count in trespass to try title and further sought judgment for the land by reason of the alleged agreement with Prince for the reconveyance of the land to them, which agreement this court held to be contrary to public policy and void. In that suit E. B. Prince joined the issue of trespass to try title by his plea of not guilty. The appellant and her husband also asserted their homestead rights in the property. The court, in the face of such allegations, denied them a recovery and adjudged the title and right of possession of the property to be in E. B. Prince. Suffice it to say that the judgments in these two former cases are amply supported by pleadings, and upon the face of the record neither was shown to have been void. Moreover, issues of fact were presented in each of such causes with reference to the homestead rights of Jesse C. Guyer and wife, Emma B. Guyer, which issues were in each instance decided adversely to them and in favor of E. B. Prince. It is not contended that the court in such causes was without competent jurisdiction to adjudge the issues therein involved.

It is our opinion that the question in regard to the title and possession of the land, particularly since final judgment in cause 5980, is foreclosed against the ap-

pellant by the provisions of article 7391 of the Revised Civil Statutes of Texas, which is as follows: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action."

In 26 Tex.Jur. 298, para. 492, with reference to the significance of the above statute it is said: "This means, of course, that a judgment in favor of either plaintiff or defendant rendered on the merits, whether after trial or on a disclaimer, is conclusive of all adjudicated claims to the land that were or could have been set up by his adversary, and operates as a perpetual bar to the maintenance by him of any subsequent suit on the same cause of action and in respect of the same subject matter."

In construing this same statute in the recent case of Trigg et al. v. Whittenburg et al., Tex.Civ.App., 129 S.W.2d 472, 474, writ refused, in a situation involving a plea of res adjudicata similar to that of the instant case, we said: "This statute merely enacts into law the equitable rule that there should be an end to all litigation. The language of this article makes it incumbent upon a litigant to present in the first instance all the reasons he has to offer as a basis for recovery. No new and independent rights having accrued to him after such judgment he is not permitted to maintain another suit seeking to recover the same property upon some theory not advanced in the former action. To permit such a practice would be tantamount to the abolition of final judgments."

In Permian Oil Co. v. Smith et al., 129 Tex. 413, 73 S.W.2d 490, 496, 107 S.W.2d 564, 111 A.L.R. 1152, Judge Leddy, speaking for the Supreme Court of Texas, said: "The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant."

In the case of Freeman v. McAninch et al., 87 Tex. 132, 27 S.W. 97, 98, 47 Am.St.Rep. 79, Chief Justice Stayton of the Supreme Court of Texas, in possibly the last opinion ever written by this able jurist, said: "Where it appears from the record of a court having jurisdiction over the parties and subject-matter that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties, when the same issue is again presented; and in such cases extrinsic evidence cannot be received to contradict the record, by showing that an issue necessarily involved in the cause was not presented and decided."

In that same case Judge Stayton quoted with approval the following language from the case of Foster v. Wells, 4 Tex. 101, 104: "The general proposition * * * That the judgment or decree of a court possessing competent jurisdiction shall be final as to the matters determined, cannot be controverted. The principle, however, extends further. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided."

Under the above authorities it is our opinion the trial court in the instant case correctly sustained the plea of res adjudicata urged by the appellees.

The only other matter remaining for our determination is the question as to damages for the alleged conversion of the personal property of the appellant. The only measure of damages alleged or sought by the appellant was for the total value of the property. The uncontroverted testimony shows that the sheriff removed such property from the premises under the direction of a valid writ of possession and stored the same in the warehouse of Sid Parker of Vernon, Wilbarger County, Texas, subject to the disposal of the appellant. No demand for possession of this property was thereafter ever made by the appellant. The testimony shows that she could have obtained the property at any time she called for it upon the payment of the storage charges thereon. There was no showing as to how much storage was due upon the property at the time of the trial or at any other time. There was no evidence that the appellant directed the sheriff where to place the property or that she gave him any directions at all with reference

thereto. It is apparent from the record that the property was stored solely for the benefit of the appellant. Neither the sheriff, nor Prince, nor anyone other than appellant ever asserted any claim to or ownership of such property or exercised any dominion or control over it. Under such circumstances we think no conversion of the property was shown. 42 Tex.Jur. 507, para. 2, et seq. Such being true the total value of the property was not the correct measure of damages, if any, suffered by the appellant, and no other damages being sought or shown the court was not in error in refusing the appellant a recovery in this particular.

The judgment is affirmed.

STOKES, J., not sitting.