

# The Attorney General of Texas

July 6, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. MW-486

Re:   Temporary disposition of tenant's personal property when tenant is subject to removal from premises pursuant to court order

Dear Mr. Driscoll:

In your letter to this office, you stated:

> A situation has come to a head in Harris County over the authority of a constable to place personal property of a tenant in a public warehouse when executing a Writ of Restitution from a justice court or county court at law. A spokesman for the justices of the peace has requested us to ask you for your opinion of this matter.

Articles 3973 through 3994, V.T.C.S., provide for an action of forcible entry and detainer. Rules 738 through 755 of the Texas Rules of Civil Procedure govern the procedure in such action. Rule 748 states that:

> If the judgment or verdict be in favor of the plaintiff, the justice shall give judgment for plaintiff for restitution of the premises, costs, and damages; and he shall award his writ of restitution. If the judgment or verdict be in favor of the defendant, the justice shall give judgment for defendant against the plaintiff for costs and any damages. No writ of restitution shall issue until the expiration of five days from the time the judgment is signed.

Rule 755 provides that:

> The writ of restitution, or execution, or both, shall be issued by the clerk of the county court according to the judgment rendered, and the same shall be executed by the sheriff or constable, as

in other cases; and such writ of restitution shall not be suspended or superseded in any case by appeal from such final judgment in the county court.

In your letter, you advised that:

[i]n the past few weeks two district judges and one county court at law judge have questioned the constable's authority to place a tenant's personal property in a public warehouse at the tenant's expense when executing a Writ of Restitution.

You did not, however, ask us to consider any specific possible legal impediment to this practice. Therefore, we will respond in general terms to your question.

Ferguson v. Barnes, 274 S.W. 277 (Tex. Civ. App. - San Antonio 1925, writ dism'd), was a suit to recover damages which the plaintiffs claimed were sustained when the county sheriff evicted them from their home and "dump[ed] [their] household goods, furniture, wearing apparel, and other property and belongings... into the street." Id. at 278. The relevant background information, and the court's conclusions, are set forth in this excerpt from the court's opinion:

S. C. Fitzgerald filed a suit for forcible detainer of certain premises.... In connection with his suit he filed a bond.... C. B. Corley, the justice of the peace, took the complaint... and issued a citation thereon... He placed this citation in the hands of... the sheriff... [who] served it upon the defendant.... The plaintiff in the forcible detainer suit having filed a bond... at the time of the institution of the suit... it became the duty of the sheriff... to put the plaintiff in possession of the premises in dispute, unless the defendant presented to said sheriff a bond in double the amount of the plaintiff's bond.... This bond coming too late, the sheriff.... was required to put S. C. Fitzgerald in possession of the premises in dispute. This he could do only by dispossessing Ferguson by removing his effects from the premises.... The sheriff, in executing the writ, was acting in his official capacity. The writ is fair on its face, and therefore a complete protection to the officer, unless, indeed, he should have acted arbitrarily and harshly, with a bad motive and wrongful intent.... The cause of action is predicated on the claim that all the appellees acting together harshly and oppressively

> committed a tort or trespass, and it devolved upon them to substantiate it by evidence. We do not think appellants have shown any malice or arbitrary action on the part of appellees.... (Emphasis added).

Id. at 279.

In Guyer v. Guyer, 141 S.W.2d 963 (Tex. Civ. App. - Amarillo 1940, writ ref'd), the appellant sought, inter alia, damages for the alleged conversion of her household furniture by the county sheriff. Acting under a writ of possession issued after final judgment in a trespass to try title action, the sheriff had removed appellant's property from the premises in question and placed it in a warehouse, subject to appellant's orders. The court stated:

> the sheriff removed such property from the premises under the direction of a valid writ of possession and stored the same in the warehouse of Sid Parker of Vernon... subject to the disposal of the appellant. No demand for possession of this property was thereafter ever made by the appellant. The testimony shows that she could have obtained the property at any time she called for it upon the payment of the storage charges thereon.... There was no evidence that the appellant directed the sheriff where to place the property or that she gave him any directions at all with reference thereto. It is apparent from the record that the property was stored solely for the benefit of the appellant. Neither the sheriff, nor Prince, nor anyone other than appellant ever asserted any claim to or ownership of such property or exercised any dominion or control over it. Under such circumstances we think no conversion of the property was shown. (Emphasis added).

Id. at 968-69. For further discussion of the elements of the crime of "conversion," see, e.g., Hull v. Freedman, 383 S.W.2d 236 (Tex. Civ. App. - Fort Worth 1964, writ ref'd n.r.e.); Cantrell v. Broadnax, 306 S.W.2d 429 (Tex. Civ. App. - Dallas 1957, no writ).

These cases demonstrate that it is not per se illegal for a sheriff, acting under a valid writ of possession or writ of restitution, to remove a tenant's personal property which is located in the subject premises and have it stored in a public warehouse. See also Shemanski v. Sair, 268 P.2d 576 (Cal. App. Dep't Super. Ct. 1954); Gaertner v. Bues, 85 N.W. 388 (Wis. 1901) (officer may, exercising "reasonable care," select warehouse for storage of property and take property thereto). Various legal pitfalls may, of course,

appear in a particular case, depending on the facts. The cases discussed above offer clues as to the kinds of complications that might arise.

In your brief, you stated that Harris County adheres to the following procedure:

> After trial -- or opportunity to appear and defend himself -- judgment is rendered against the tenant. After five days and no appeal having been perfected, a Writ of Restitution may issue. When the writ is placed with the constable, in Harris County, a written notice is taken to the subject premises by the officer informing the tenant that the officer will move him and his property therefrom unless the tenant voluntarily removes such from the property. When the day of reckoning arrives, the tenant still holding possesion is a scofflaw who has flouted his landlord and lease agreement, flouted the court, and flouts the officer. Under such state of affairs, the officer calls on some moving company to aid him in executing the court order. Previously he has required any such moving company to show proof that it is operating a bonded warehouse and has sufficient public liability insurance coverage to protect a tenant's property interest in any removed property that might be lost or damaged while in the mover's custody.

In our opinion, the storage of a tenant's personal property under these conditions would, absent extenuating circumstances, be reasonable. As we have noted, however, the facts of a particular case might create causes of action which cannot be anticipated here.

### S U M M A R Y

It is not per se illegal for a sheriff, acting under a valid writ of restitution issued in a forcible detainer action, to remove a tenant's personal property from the subject premises and store it in a public warehouse. The facts of a particular case might, however, create causes of action which cannot be anticipated here.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Susan Russell
Bruce Youngblood